HERSEY, Judge,
concurring specially.
We interpret case law as holding that where the statutory criteria are met, the trial court is obligated to declare appellant an habitual felony offender. We take this one step further and, purporting to discern, and then apply, legislative intent, we adopt the premise that the subsequent sentencing is discretionary. Do we thus engage in an exercise in futility? What is accomplished by declaring appellant an habitual felony offender or an habitual violent felony offender and then electing to sentence under the guidelines (assuming a basis for the requisite statutory finding)? If it be suggested that this introduces additional discretion into the sentencing process, then the suggestion sinks from its own weight. First, the very purpose of the sentencing guidelines is to reduce variability and thus to increase fairness. Second, and more important, if the trial court finds appellant not to be a danger to the public, sentence may be imposed without regard to section 775.084 and pursuant to the sentencing guidelines. But that is precisely what the trial court is required to do where the habitual offender statute is not implicated. So what is gained (or lost) by the empty declaration? I suspect this is a virus inserted inadvertently into the statutory scheme by periodic quick-fixes adopted by successive legislatures. Then again I may be missing something. In any event I concur in the majority opinion.